IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUAIA SCOTT,

          Plaintiff,

vs.                                    Civil Action No.  2:21-cv-585

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

          Defendant.

**COMPLAINT**

AND NOW, comes the Plaintiff, JACQUAIA SCOTT, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Jacquaia Scott (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Life Insurance Company of North America.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide

Plaintiff with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Jacquaia Scott resides at 5716 Rippey Street, Pittsburgh, PA 15206, Allegheny County.

5. The Defendant, Life Insurance Company of North America, is the Claims Administrator of Long Term Disability claims and is located at 1601 Chestnut Street, Philadelphia, PA 19192.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff, Ms. Jacquaia Scott, last worked for Children's Hospital of Pittsburgh, UPMC as an Administrative Assistant on or about August 21, 2018, wherein

she stopped working due to diagnoses, symptoms, and functional limitations of Dystonia; Neck, Shoulder, and Back Pain; and Tremors after being in a motor vehicle accident in which a truck hit the bus she was riding on August 21, 2018.

8. By letter dated April 23, 2019, Defendant denied Plaintiff's claim for Long Term Disability benefits.

9. Plaintiff filed an appeal prior to retaining counsel on or about June 17, 2019.

10. By letter dated June 24, 2019, Defendant acknowledged Plaintiff's appeal.

11. By letter dated October 31, 2019, Defendant denied Plaintiff's claim for Long Term Disability benefits.

12. Plaintiff, by and through her Attorney, Brian Patrick Bronson, Esquire, filed a timely and responsive appeal by letter dated April 24, 2020, and supplemented the appeal with additional medical evidence by letter dated July 14, 2020.

13. By letter dated October 12, 2020, Defendant upheld decision to deny Plaintiff's claim for Long Term Disability benefits. This letter states, "At this point in time, you have exhausted all administrative levels of appeal and no further appeals will be considered."

14. On March 12, 2021, the Administrative Law Judge in Ms. Scott's Social Security case issued an unfavorable decision. Although the Administrative Law Judge denied benefits, the Administrative Law Judge made certain important findings, which are relevant to our disability case. The decision has been forwarded to the Defendant, by letter dated April 26, 2021. The important facts found by the Administrative Law Judge are as follows:

    a. The claimant has severe impairments of headaches, migraines, and major depressive disorder.

      b.      The claimant is limited to light work, except the clamant could only occasionally climb ramps and stairs; balance or stoop; never climb ladders, ropes, or scaffolds, kneel, crouch, or crawl; claimant can only frequently handle, finger, feel bilaterally; the claimant must avoid concentrated exposure to extremes of noise, light (such as direct sun), heat/cold, vibration, environmental irritants such as fumes, odors, dusts, gases, areas of poor ventilation, as well as hazards such as inherently dangerous moving machinery and unprotected heights; the claimant is limited to no commercial driving; the claimant is limited to unskilled work, which would include routine repetitive tasks at the SPV1 to 2 levels; the claimant is precluded from performing any of her past relevant work which would include her Own Occupation, and work as an Administrative Clerk DOT code 219.362-010; Unit Clerk DOT code 245.362-014; and Hospital Admitting Clerk DOT 205.362-018.

## CAUSE OF ACTION

**<u>Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.</u>**

15.    Paragraphs 1 through 14 are incorporated herein as if set forth at length.

16.    Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

17.    At all times relevant to this action, the Plaintiff has been unable to perform the material duties of her own occupation and any gainful occupation due to diagnoses, symptoms, and functional limitations of Dystonia; Neck, Shoulder, and Back Pain; and Tremors after being in a motor vehicle accident in which a truck hit the bus she was riding on August 21, 2018.

18. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

19. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

20. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:  May 5, 2021